UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KEITH F. BELL, PH.D.,<br><br>                         Plaintiff,<br><br>                         -v-<br><br>LLANO INDEPENDENT SCHOOL<br>DISTRICT and AARON NUCKLES<br><br>                         Defendants. | Civil Action No. 6:19-cv-265-ADA |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff"), files this Response to Llano Independent School District's ("Llano ISD") and Motion to Dismiss as follows:

### I.    INTRODUCTION

Plaintiff brought this action for copyright and trademark infringement on April 16, 2019 against Llano ISD and Aaron Nuckles, who was Llano's basketball coach at the time. Dkt. 1. Defendant filed its first motion to dismiss and, in order to hopefully avoid motion practice, Plaintiff filed an amended complaint that specifically plead facts showing the vicarious infringement by Llano ISD and the lack of fair use of Dr. Bell's work. Dkt. 12. Nevertheless, Llano ISD has brought another motion to dismiss on nearly identical grounds.

As alleged in his Complaint, Plaintiff is a world-renowned sports psychologist who published his book WINNING ISN'T NORMAL in 1982. Dkt. 12, at ¶ 12. Plaintiff obtained a copyright registration for this book in 1989. Id. at ¶ 13. Since that time, a page from that book has gone viral on social media numerous times resulting in thousands of infringements. Recognizing that this page was the heart of his work, Dr. Bell obtained a copyright registration on

1

the page itself in 2017. *Id*. It is undisputed that Defendant, Aaron Nuckles posted the entirety of Dr. Bell's WIN Passage on his Twitter page.

Defendants appear to have a flippant attitude toward copyright laws, which one hopes is not conveyed to students. In addition to fostering disrespect for federal law, the approach of Defendants if fraught with danger. Teachers and administrators in the Houston Independent School District recently learned this lesson the hard way when a $9.2 million verdict was returned following trial in the Southern District of Texas. *See* Exhibit A, DynaStudy v. HISD Jury Verdict Form; Exhibit B, *Houston Chronicle* Article on DynaStudy Verdict. It was revealed in the course of litigation that one teacher recognized the copyright of DynaStudy, then stated in an email that "I'm ok with violating it though…lol." Exhibit B, *Houston Chronicle* Article on DynaStudy Verdict. Plaintiff expects that discovery will reveal that Llano ISD and its employees similarly LOL (*i.e.*, "laugh out loud") at federal copyright laws, which manifested itself in the actions of Nuckles and Llano ISD in this case.

Even worse, the HISD teachers and administrators were at least violating copyrights on study guides and other teaching materials in order to further their core non-profit educational mission of teaching students. In contrast, the Defendants in this case engaged in infringement to further an extracurricular sports program and its resulting revenue. While Defendants claim without evidence that they do not profit from the various examples of commercial use identified by Plaintiff, there is a direct conflict on this issue between the pleadings of the parties. This is the exact reason why we have discovery and trials in civil litigation.

Nor is it persuasive to argue that the Twitter account of Nuckles is his "personal" account. First, the pleadings of Plaintiff directly contradict this position of Defendants. Defendants take issue with the claims of Plaintiff, which should be determined at trial following discovery. The position of Defendants is also at odds with recent trends in copyright litigation. For example, it

has been held that the personal Twitter account of President Trump is subject to government control despite the fact that it was created and used by President Trump as a private citizen prior to his election. *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 302 F. Supp. 3d 541, 567-573 (S.D.N.Y. 2018).

Furthermore, two courts have decided that fair use is not a proper defense to similar infringements of Dr. Bell's work. In *Bell v. Moawad Group, LLC*, 326 F. Supp. 3d 918, 924-29 (D. Ariz. 2018), the court found that there was questions of fact that precluded summary judgment on the issue of fair use. And earlier this month, the Northern District of California denied a Rule 12(b)(6) motion to decide the fair use issue. (Ex. C, *Bell v. Pacific Ridge Builders*, 3:19-cv-01307-JST, (N.D. Cal. 2019).

## II.   LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true and viewed in the light most favorable to Plaintiff. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Very importantly, Plaintiff is not required to prove his case at the pleading stage, and the Court should not examine the merits of claims or weigh evidence when considering the Motion. *Twombly*, 550 U.S. at 556. This rule applies even when an allegation in a complaint "strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*.

In the copyright context, "in light of a court's narrow inquiry on a Rule 12(b)(6) motion and limited access to all potentially relevant and material facts needed to undertake the analysis, it is unusual for courts to analyze fair use on a 12(b)(6) motion." *Philpot v. Alternet Media, Inc.*, No.

3

18-cv-04479-TSH, 2018 U.S. Dist. LEXIS 203500, at *7 (N.D. Cal. Nov. 30, 2018) *citing Four Navy Seals & Jane Doe v. AP*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005); *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 (9th Cir. 1997).

As for Rule 12(b)(1), it is clear that Defendant is improperly attempting to use Rule 12(b)(1) and its lower threshold that allows the Court to resolve disputed facts as a vehicle for what is, in reality, a direct assault on the merits of Plaintiff's claims. Llano's argument should be addressed under Rule 12(b)(6) standards. The Fifth Circuit, citing *Bell v. Hood*, 327 U.S. 678 (1945), has stated that "as a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of action." *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981). Instead, "[w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case." *Id*. This rule sensibly provides a "greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim." *Id*. at 415.

Llano has made a direct challenge to the validity of Plaintiff's federal causes of action under the copyright act and Lanham Act by contesting the substance of Plaintiff's allegations of vicarious infringement and by asserting fair use. These are precisely the types of disputes that should be resolved under Rule 12(b)(6) where "[t]he court must take the plaintiff's allegations as true . . . [rather than under Rule 12(b)(1) which] can be based on the court's disputed facts." *Id*. at 415-416. Defendant's motion should be decided under Rule 12(b)(6).

### III. COPYRIGHT INRINGEMENT HAS BEEN CLEARLY PLEAD

#### A. Vicarious Infringement by Llano ISD has been Plead

Dr. Bell's amended complaint is replete with allegations that establish vicarious copyright infringement at this state of the litigation. "To state a claim for vicarious copyright infringement, a

4

plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Dynastudy, Inc. v. Hous. Indep. Sch. Dist.*, 325 F. Supp. 3d 767, 777 (S.D. Tex. 2017) *quoting Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007). Dr. Bell has alleged the first factor that Llano ISD had the ability to supervise and control Mr. Nuckles's Twitter page. *See* Dkt. 12, ¶¶ 24, 28. It defies belief that Llano ISD does not supervise or control its teachers' social media accounts. Dr. Bell also alleged the second factor. *See Id.*, ¶¶ 29-30. While Llano obviously disputes both allegations, this is a factual issue that should not be resolved on a Rue 12 motion. In *Dynastudy*, the Southern District of Texas properly denied a Rule 12(b)(6) motion and found that Houston ISD could be vicariously liable for its teachers' alleged infringement of the plaintiff's copyrighted study guides. *Dynastudy*, 325 F.Supp. 3d at 777-78. As shown above, a jury later rendered a verdict in favor of the plaintiff. Dr. Bell's allegations in this case are even more detailed than those in *Dynastudy* and therefore, Llano ISD's motion to dismiss should be denied.

### B. The Infringing Post Was Not a Fair Use

Given the "fact sensitive nature of the [fair use] inquiry, courts generally do not address the fair use defense until the summary judgment phase." *TCA Television Corp. v. McCollum*, 839 F.3d 168, 183 n.13 (2d Cir. 2016). While the Second Circuit, and some courts in Texas, have determined that fair use can be decided on a Rule 12, motion, there are a "dearth of cases granting" such a motion. *Graham v. Prince*, 265 F. Supp. 3d 366, 377 (S.D.N.Y. 2017) *quoting BWP Media USA, Inc. v. Gossip Cop Media*, LLC, 87 F. Supp. 3d 499, 505 (S.D.N.Y. 2015). In fact, "a district court should be cautious in granting *Rule 56 motions* in this area." *Wright v. Warner Books, Inc.*, 953 F.2d 731, 735 (2d Cir. 1991) (emphasis added). The Fifth Circuit regularly relies on copyright decisions from the Second Circuit. *See, e.g., Isbell v. DM Records, Inc.*, 774 F.3d 859, 871-872 (5th Cir. 2014); *Veeck v. S. Bldg. Code Congress Int'l, Inc.*, 241 F.3d 398, 405-406 (5th Cir. 2001);

5

*Hill Country Trust v. Silverberg*, 2018 U.S. Dist. LEXIS 223509 at *13 (W.D.T.X. 2018); *Compaq Computer Corp. v. Ergonome Inc.*, 137 F. Supp. 2d 768, 778-781 (S.D.T.X. 2001); *Clogston v. American Academy of Orthopaedic Surgeons*, 930 F. Supp. 1156, 1162 (W.D.T.X. 1996). A court from the Second Circuit has recently held that a defendant can be liable for copyright infringement on Twitter when, as here, the defendant takes active steps to put a process in place that results in transmission of copyrighted material so that such copyrighted material may be visibly shown. *Goldman v. Breitbart News Network*, LLC, 302 F. Supp. 3d 585, 593-594 (S.D.N.Y. 2018). Furthermore, as noted above, the Northern District of California recently denied a Rule 12 fair use challenge to Dr. Bell's work and the District of Arizona denied a Rule 56 motion on fair use grounds as well.

In evaluating fair use, the Court analyses four factors: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107.

### 1. The Purpose and Character of the Use

"The key question under the 'purpose and character' prong is… whether and to what extent the new work is transformative." *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791, 823 (5th Cir. 2002). To determine if that use is transformative, the Court considers whether and to what extent it "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message[.]" *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575-76 (1994). There was no transformation of Dr. Bell's work by Defendants. They simply posted wholesale Dr. Bell's copyrighted passage. As to Llano's argument that the use was noncommercial, this is a factual dispute directly contradicted by Plaintiff's pleadings.

Furthermore, "[e]ven where a nonprofit corporation is making clearly educational use of copyrighted works, this has not in and of itself been sufficient to sustain a fair use defense." *Ass'n of Am. Med. Colls. v. Mikaelian*, 571 F. Supp. 144, 153 (E.D. Pa. 1983) *citing Encyclopedia Britannica Educational Corp. v. Crooks*, 447 F. Supp. 243 (W.D. N.Y. 1978).  Also, Llano fails to explain how displaying Dr. Bell's infringed works on the internet, not limited to an educational context, can be a noncommercial use.  As a result, this factor should favor Plaintiff.

### 2. The Nature of the Copyrighted Work

The Supreme Court has stated that "[w]orks that are creative in nature are 'closer to the core of intended copyright protection' than are more fact-based works."  *Campbell*, 510 U.S. at 586.  Llano's argument essentially is that any published work that has any factual component is fair game for unauthorized copying, displaying, and distribution.  Llano has provided no support for its bald assertions that Dr. Bell's work is primarily factual and it is not.  Winning Isn't Normal is a completely original work and this factor should favor Plaintiff.

### 3. Amount and Substantiality of the Portion Used

Plaintiff has alleged infringement of two separate copyrights by Defendants.  The first is an infringement of the book WINNING ISN'T NORMAL.  The second is an infringement of the WIN Passage copyright obtained in 2017.  It is clear that "[c]opying even a small portion of a copyrighted work may exceed the boundaries of fair use if the material taken is the 'heart' of the work.'"  *L.A. News Serv. v. Tullo*, 973 F.2d 791, 798 (9th Cir. 1992) *citing Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 564-65 (1985) (while words quoted by copyright infringers were "an insubstantial portion" of President Ford's unpublished memoirs, they were the "heart of the book" in that they were among the most "interesting," "moving" and "powerful" passages).  Plaintiff has alleged numerous times that Defendants copied the heart of the work.  Dkt. 12, at ¶¶ 15, 32, 40, 44.  In addition, "[C]opying an entire work militates against a finding of fair

use." *Worldwide Church of God v. Phila. Church of God, Inc.*, 227 F.3d 1110, 1118 (9th Cir. 2000). Defendants copying of the WIN Passage copyright likewise consisted of the entirety of the WIN Passage. Therefore, this factor also weighs against fair use.

### 4. Effect of the Use Upon the Potential Market

Plaintiff clearly alleged that Defendants' infringement "profoundly effects the market for Dr. Bell's work given people will not have to purchase his book and his other materials that incorporate the WIN passage on his website." Dkt. 12, ¶ 33. To defeat this factor, Plaintiff "need only show that if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work." *Harper & Row Publishers*, 471 U.S. at 568. Plaintiff has alleged much more than a potential market as he clearly alleges that he continues to market and sell the infringed work through Amazon and the website keelpublications.com as well as derivative works such as T-shirts and posters that display the WIN Passage. Dkt. No. 12, at ¶ 14. Defendants infringement on social media are extraordinarily damaging to Dr. Bell's market as the work is so easily distributed across the internet. Together with the fact that Defendants infringed the heart of Dr. Bell's book and the entirety of the separately registered passage, this factor also favors against a finding of fair use.

### IV.   TRADEMARK INFRINGEMENT HAS BEEN CLEARLY PLEAD

#### A. Plaintiff has Alleged Commercial Use

"The Supreme Court has held that the 'in commerce' requirement should be construed liberally because the Lanham Act 'confers broad jurisdictional powers upon the courts of the United States.'" *Fin. Express LLC v. Nowcom Corp.*, 564 F. Supp. 2d 1160, 1172 (C.D. Cal. 2008) *quoting Steele v. Bulova Watch Co.*, 344 U.S. 280, 283 (1952). *See also* 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:57 (4th ed. 2001) ("It is difficult to conceive of an act of infringement which is not 'in commerce' in the sense of modern decisions.")

Plaintiff has properly plead use in commerce by alleging that Defendants' use of its mark was commercial in nature. *ICON Health & Fitness Inc. v. iFitsique LLC*, No. CV 12-03703 SJO (MLGx), 2012 U.S. Dist. LEXIS 193062, at *9 (C.D. Cal. Sep. 13, 2012) *quoting Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005). While Llano baldly asserts that Plaintiff has "not alleged any facts to show how the alleged trademark was for commercial use," this is flatly contradicted by the pleadings. *See* Dkt. 12, ¶ 31. The *Dynastudy* court, in denying Houston ISD's Rule 12 motion to dismiss plaintiff's trademark infringement claim, properly found that the allegations that a teacher who distributed plagiarized portions of student course notes "and then distributed the derivative work online" was "likely to lead the public to conclude, incorrectly, that the infringing derivative works that Defendant is reproducing and/or distributing originate with, or are authorized by [the plaintiff." *Dynastudy*, 325 F.Supp. 3d at 779-89.

### B. Dastar is not Applicable to this Case

Defendant incorrectly claims that *Dastar* held that all trademark infringement claims are precluded where copyright infringement is also alleged in the underlying work. The *Dastar* case involved a dispute over the television rights to General Dwight D. Eisenhower's World War II book entitled Crusade in Europe. *Dastar*, 539 U.S. at 25. Twentieth Century Fox ("Fox") acquired the copyright to the book and then produced a television series based on the book. *Id*. at 25-26. Fox's copyrighted television series then fell into the public domain by Fox's failure to renew the copyright. *Id*. at 26. However, Fox later reacquired the television rights to General Eisenhower's book and commissioned a new television series that was distributed by New Line Home Video, Inc. *Id*. Dastar Corporation subsequently obtained the public domain version of the work, edited it, and then re-released it for the 50th anniversary of WWII. *Id*. at 27. In finding for Dastar, the Supreme Court reasoned that allowing a trademark infringement claim to persist on a public domain work "would create a species of mutant copyright law that limits the public's 'federal right

to copy and use' expired copyrights." *Id*. at 34 *quoting Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 165 (1989). However, the Court also importantly found that the trademark infringement claim "would undoubtably be sustained if Dastar had bought some of New Line's Crusade video tapes (the works not in the public domain) and merely repackaged them as its own." Id. at 31 (parenthetical added).

The present case is directly applicable to the latter scenario discussed by the *Dastar* Court. Defendant has taken Plaintiff's work, which is currently protected by copyright, and repackaged it as Defendant's own work by titling the posting WINNING ISN'T NORMAL. This does not implicate the "mutant species" of copyright law feared by the Court as it does not involve public domain works. Plaintiff has made a discreet claim based upon infringement of the registered WINNING ISN'T NORMAL mark based upon Defendant's use of the WINNING ISN'T NORMAL phrase on Twitter in such a way as to cause likelihood of confusion as to source, sponsorship or affiliation by Plaintiff. Therefore, Defendant's Motion should be denied.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully request that the Court deny Defendant's Rule 12 motions to dismiss.

Dated: June 25, 2019

                                        Respectfully submitted,

                                        *s/Joshua Jones*
                                        Joshua G. Jones
                                          State Bar No. 24065517
                                        **CONNOR KUDLAC LEE PLLC**
                                        609 Castle Ridge Road, Ste. 450
                                        Austin, TX 78746
                                        Telephone:  512.552.6123
                                        josh@connorkudlaclee.com

.

                                        *s/C. Ashley Callahan*
                                        C. Ashley Callahan
                                          State Bar No. 24027545
                                        **LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.**
                                        The Haehnel Building
                                        1101 East 11th Street
                                        Austin, TX 78702
                                        Telephone:  512.817.3977
                                        Telecopier:  512.287.3127
                                        acallahan@callahanlawoffices.com

                                        **ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

    I certify that the foregoing REPONSE TO MOTION TO DISMISS was filed via the Court's CM/ECF system on June 25, 2019 which will send notification of such filing to all Parties of record.

                                                                              */s/ Joshua Jones*

                                                                              Joshua G. Jones